**ESTEBAN-TRINIDAD LAW, P.C.**
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff,
KARIN ANDERSON

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KARIN ANDERSON, an individual; <br> Plaintiff, <br> vs. <br><br> ALLEGIANT AIR, LLC, a Nevada Limited Liability Company; DOES 1 through 10 inclusive; ROESCORPORATIONS/ ENTITIES 1 through 10 inclusive, <br> Defendants. | Case No. <br><br><br><br> **COMPLAINT** <br> ***(JURY TRIAL DEMANDED)*** |

Plaintiff KARIN ANDERSON ("Ms. Anderson and/or Plaintiff"), for her causes of action against the above-named Defendants, complains and alleges as follows:

## I.
## <u>INTRODUCTION</u>

This is a gender discrimination and retaliation action filed by a former Allegiant flight attendant with over a decade of experience working for Defendant. Throughout her employment with Allegiant, Ms. Anderson's performance exceeded expectations. Ms. Anderson, at all times, worked at top capacity and maintained an excellent work ethic. Ms. Anderson loved her job and was always willing to go the extra mile to please her employer. When Ms. Anderson was sexually assaulted by a co-worker, everything took a turn for the worse and the ensuing years were a long, torturous journey leading up to

termination. In 2014, Ms. Anderson complained in writing to Defendant's CEO about the discrimination, harassment and hostility. Shortly thereafter a series of reprimands and threat of imminent termination led to the breaking point and ultimately she was fired.

## II.
## PARTIES & JURISDICTION

1.  This is an action brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et. seq.*,

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question.

3.  Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the District of Nevada. Venue is also proper in this District under 28 U.S.C. §1391(b)(1) because Defendants conduct business and reside in the District of Nevada.

4.  Plaintiff, KARIN ANDERSON, is a citizen of the United States, is female and was, at all times relevant hereto a resident of the State of Nevada.

5.  Defendant, ALLEGIANT AIR, LLC, is a Nevada limited liability company and a business entity doing business at 3301 N. Buffalo Dr. B-9, Las Vegas, Nevada 89129 in the City of Las Vegas, County of Clark, State of Nevada.

6.  Plaintiff timely filed this suit following receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC).

7.  Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants, employees, employers, alter-egos, partners, co-owners and/or joint venture's of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency,

ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

## III.
## FACTUAL ALLEGATIONS

### BACKGROUND FACTS

8. On or about April 3, 2003, Allegiant hired Ms. Anderson as a Flight Attendant.

9. On or about January of 2004, Allegiant promoted Ms. Anderson to Base Manager.

10. On or about October 9, 2004, Ms. Anderson was sexually assaulted by an Allegiant co-worker. When the police arrived at the scene of the assault, an Allegiant Captain instructed the police to leave Ms. Anderson in her room unconscious.

11. On the flight back to Las Vegas the following the incident the same Allegiant Captain summoned Ms. Anderson to the cockpit wherein he proceeded to intimidate Ms. Anderson by asking her if she had a problem with sex.

12. On or about October of 2004, Allegiant required the entire flight crew sign Confidentiality Agreements related to the sexual assault upon Ms. Anderson.

13. On or about November of 2004, when Ms. Anderson returned to work, multiple coworkers approached Ms. Anderson to ask her about the assault causing Allegiant to pull Ms. Anderson off a flight.

14. Ms. Anderson immediately reported the Confidentiality Agreement violations to Allegiant Director, who apologized.

15. From about January of 2006 until April of 2006, Ms. Anderson endured teasing and taunting from her fellow co-workers related to the 2004 assault, despite her complaints to management the teasing did not stop.

16. On or about June of 2011, an Allegiant Flight Attendant announced to attendees at an Allegiant party that Ms. Anderson was raped and that Allegiant paid off a witness. When Ms. Anderson again reported the violation of the Confidentiality Agreement and her privacy, Ms. Clements responded by stating "the easiest thing for me to do was to fire you."

17. On or about September of 2012, Ms. Anderson was granted intermittent FMLA.

18. On or about August of 2013, Ms. Anderson suffered an injury while preparing the plane for a flight. After which, fellow Allegiant employees harassed Ms. Anderson, accusing Ms. Anderson of faking the injury. She reported the harassment but Allegiant ignored Ms. Anderson's concerns.

19. On or about May of 2014, an Allegiant Flight Attendant lied, telling Ms. Anderson she had been fired and accused Ms. Anderson of being in a rehabilitation facility. Ms. Anderson reported this conduct.

**RETALIATION**

20. On or about June 5, 2014, Allegiant placed Ms. Anderson under pay protection after management received a copy of Ms. Anderson's email to CEO Maury Gallagher reporting the continuous harassment in the work place.

21. Thereafter, Human Resources conducted a meeting with Ms. Anderson wherein they disregarded Ms. Anderson's request not to read aloud her email, but in fact encouraged it, in an attempt to shame Ms. Anderson.

22. Beginning November 1, 2014, Allegiant placed Ms. Anderson under pay protection until November 14, 2014.

23. On or about November 4, 2014, Allegiant conducted a meeting interrogating Ms. Anderson regarding a temporary restraining order she filed against her former boyfriend. Additionally, Allegiant disciplined Ms. Anderson for an alleged infraction that is only rarely and/or selectively enforced.

24. On or about November 9, 2014, Ms. Anderson had been advised to resign from her position so she couldn't be fired.

25. On or about November 11, 2014, acting upon this information and under the impression she would be fired, Ms. Anderson submitted a resignation effective December 1, 2014.

26. On or about November 13, 2014, Allegiant placed Ms. Anderson on FMLA leave until the end of the month and presented her with Separation Agreement with a Release of All Claims.

27. On or about November 21, 2014, Ms. Anderson provided Allegiant with her notice of revocation of the Separation Agreement and Release of All Claims.

28. Thereafter, as a direct result of Ms. Anderson's revocation, Allegiant terminated Ms. Anderson's employment in a letter dated November 21, 2014.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**HOSTILE WORK ENVIRONMENT, HARASSMENT BASED ON PLAINTIFF'S GENDER VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT / 42 U.S.C. §2000e** *et. seq.*

29. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

30. Plaintiff was subjected to insults, negative comments and other verbal harassment of a sexual nature by Defendant because of her gender.

31. The acts of harassment were unwelcome and unwanted by Plaintiff.

32. These actions were so severe and pervasive that it altered the conditions of Plaintiff's employment and created a hostile and abusive work environment for Plaintiff.

33. Plaintiff perceived this working environment to be abusive and hostile.

34. This harassing and abusive behavior was so severe and pervasive that a reasonable person in the Plaintiff's position would consider working in this environment to be abusive and hostile.

35. Defendant knew or should have known about this harassment and failed to take prompt, effective, remedial action, reasonably calculated to end the harassment.

36. By subjecting Plaintiff to a hostile work environment on the basis of her gender, Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et. seq*.

37. The above-described acts of Defendant were intentional, malicious, oppressive and conducted with a reckless disregard for Plaintiff's federally protected rights.

38. As a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage in an amount to be determined, according to proof at time of trial.

39. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs, and interest/incurred herein.

## SECOND CAUSE OF ACTION
## GENDER DISCRIMINATION, DISPARATE TREATMENT
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT / 42 U.S.C. §2000e *et. seq.*

40. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

41. Plaintiff is a woman.

42. Defendant subjected Plaintiff to adverse and tangible employment actions.

43. Defendant subjected Plaintiff to these adverse and tangible employment actions based on her gender.

44. By subjecting Plaintiff to gender discrimination, Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et. seq.*

45. The above-described acts of Defendant were intentional, malicious, oppressive and conducted with a reckless disregard for Plaintiff's federally protected rights.

46. As a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur, economic damages, great pain of body and mind, loss of earnings, loss of earning capacity, loss of enjoyment of life, and other damages all to Plaintiff's detriment in an amount to be determined, according to proof at time of trial.

47. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs, and interest/incurred herein.

## THIRD CAUSE OF ACTION
## RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT / 42 U.S.C. §2000e *et. seq.*

48. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

49. Plaintiff engaged in activity protected under federal law, namely, Plaintiff complained to Defendant, several times, that she was being subjected to gender discrimination, sexual harassment and/or retaliation based on her gender.

50. Defendant subjected Plaintiff to a number of adverse employment actions because of these complaints, most notably, terminating her employment.

51. By retaliating against Plaintiff for making good faith complaints of illegal harassment and discrimination Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et. seq.*

52. The above-described acts of Defendant were intentional, malicious, oppressive and conducted with a reckless disregard for Plaintiff's federally protected rights.

53. As a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur, economic damages, great pain of body and mind, loss of earnings, loss of earning capacity, loss of enjoyment of life, and other damages all to Plaintiff's detriment in an amount to be determined, according to proof at time of trial.

54. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs, and interest/incurred herein.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING AND SUPERVISION

55. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

56. Defendant has a duty to use reasonable care in the hiring, training and supervision of employees to prevent harassment, discrimination, and other retaliatory actions.

57. Defendant knew or should have known with the exercise of minimum due diligence that hiring certain of their employees, agents, management, and/or representatives, would result in harassment/discrimination and/or subject Plaintiff to harassment as alleged herein above in violation of federal law.

58. Upon information and belief Defendant did not properly conduct itself when complaints were brought to its attention to determine whether certain of its employees had ever engaged in harassing and/or discriminatory behavior, and/or had a propensity for harassment/discrimination and/or would subject other employees to harassment and/or other retaliatory actions.

59. As a direct and proximate cause of Defendant's negligent hiring, training, and supervision practices, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage in an amount to be determined, according to proof at time of trial.

60. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs, and interest/incurred herein.

## FIFTH CAUSE OF ACTION
## NEGLIGENT RETENTION

61. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

62. Defendant has a duty to use reasonable care in the retention of employees to prevent harassment, discrimination and other retaliatory actions.

63. Defendant knew or should have known that its employees and certain of its management members were engaged in activities contrary to Title VII, Defendant allowed these employees, to remain in their employment.

64. That as a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage in an amount to be determined, according to proof at time of trial.

65. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs, and interest/incurred herein.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

67. That the conduct of Defendant, its agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff, including but not limited to the following conduct: Defendant humiliated and publicly shamed Plaintiff because of her gender and sexual assault; Defendant disciplined Plaintiff in a manner that was humiliating and/or degrading; Defendant continuously and intentionally disregarded violations of Plaintiff's privacy concerning sensitive matters related to her assault and/or ongoing efforts to treat for a medical condition.

68. That the conduct of Defendant, its agents, employees and/or representatives was intentional, malicious, willful and outrageous, therefore, constitutes an intentional infliction of emotional distress to Plaintiff.

69. That as a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.

70. That as a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage in an amount to be determined, according to proof at time of trial.

71. That Defendant's conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at time of trial.

72. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of an attorney and is, therefore, entitled to an award of reasonable attorneys' fees, costs, and interest/incurred herein.

..
..
..
..
..
..
..
..
..
..

WHEREFORE, Plaintiff prays for the following relief:

1. Back-pay, front pay, lost benefits, statutory and other recoverable damages, and pre-judgment and post judgment interest;

2. Compensatory damages, according to proof, to be determined at time of trial;

3. Punitive damages, according to proof to be determined at time of trial;

4. Attorney's fees, expenses and costs of suit;

5. All other legal and equitable relief allowed by Federal and State law; and

5. Such other and further relief as the Court may wish to entertain.

DATED this 21st day of May, 2015.

**ESTEBAN-TRINIDAD LAW, P.C.**

BY: _____
M. Lani Esteban-Trinidad
Nevada Bar No. 6967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada  89130
Tel: (702) 736-5297
Facsimile: (702) 736-5299
Attorney for Plaintiff

# JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

DATED this 21st day of May, 2015.

ESTEBAN-TRINIDAD LAW, P.C.

BY: _____
M. Lani Esteban-Trinidad
Nevada Bar no. 6967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Tel: (702) 736-5297
Facsimile: (702) 736-5299
Attorney for Plaintiff